**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Charles Jr. DOSSMAN, Defendant—
Appellant.**

No. 07–10274.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 14, 2008.

Filed Sept. 2, 2008.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

458

Matthew D. Segal, Office of the U.S. Attorney, Sacramento, CA, for Plaintiff–Appellee.

Jeffrey L. Staniels, Federal Public Defender's Office, Sacramento, CA, for Defendant–Appellant.

Before: HUG, PAEZ, and BERZON, Circuit Judges.

MEMORANDUM *

Charles Dossman appeals his guilty-plea conviction and 240–month sentence for one count of possession with intent to distrib-

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

ute at least fifty grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1). Dossman contends that the district court erred by denying his motion to suppress, by denying discovery and not issuing a subpoena duces tecum, and by imposing a 240–month sentence. We have jurisdiction under 28 U.S.C. § 1291. We review the district court's probable cause finding for clear error, *United States v. Gil*, 58 F.3d 1414, 1418 (9th Cir.1995), the discovery ruling for abuse of discretion, *United States v. Chon*, 210 F.3d 990, 994 (9th Cir.2000), and the sentence for plain error. *United States v. Cotton*, 535 U.S. 625, 631, 122 S.Ct. 1781, 152 L.Ed.2d 860 (2002). We affirm.

■ The district court did not clearly err in denying the motion to suppress and finding that there was probable cause to search Dossman's home. Probable cause requires that there be a fair probability that evidence of a crime will be found at a location based on the totality of the circumstances. *United States v. Gourde*, 440 F.3d 1065, 1069 (9th Cir.2006) (en banc). To search a home, the affidavit in support of the warrant must establish a reasonable nexus between the contraband sought and home to be searched. *United States v. Chavez–Miranda*, 306 F.3d 973, 978 (9th Cir.2002). Suppression is proper if an affiant intentionally or recklessly omits material facts from the affidavit which, if included, would have rendered the affidavit insufficient to support the probable cause determination. *United States v. Jawara*, 474 F.3d 565, 582 (9th Cir.2007).

In this case, officer Kevin Patton's affidavit supporting the search warrant set forth facts sufficient to show that it was fairly probable that narcotics would be found at Dossman's home. The affidavit provided that police observed Dossman having contact with his co-defendant during controlled drug buys with an informant, switch cars with his co-defendant during the controlled drug buys, and engage in counter-surveillance driving. Because Dossman engaged in conduct consistent with drug dealing, and had connections with the controlled drug buys, there was probable cause for the search. *See Chavez–Miranda*, 306 F.3d at 977–78 (upholding probable cause finding where affidavit described the occurrence of controlled drug buys, defendant's connections with those controlled drug buys, and defendant's counter-surveillance driving); *Gil*, 58 F.3d at 1418–19 (upholding probable cause finding based on suspicious deliveries, car switches, and counter-surveillance driving). Because there were no material omissions from the affidavit which, if included, would have rendered it insufficient to support the probable cause finding, and because the night search was warranted, the district court properly denied the motion to suppress. *See Jawara*, 474 F.3d at 581–82; *People v. Egan*, 141 Cal.App.3d 798, 805–06, 190 Cal.Rptr. 546 (1983).

■ The district court also did not abuse its discretion in denying defendant's request under Federal Rules of Criminal Procedure 16(a)(1)(E) and 17(c) for police records regarding a traffic stop conducted on an individual whom police saw engage in a hand-to-hand transaction with Dossman. Dossman sought the records to determine if police conducted a search after the stop. Because Dossman failed to satisfy materiality requirements under Rule 16(a)(1)(E) and specificity requirements under Rule 17(c), the requests were properly denied. *See United States v. Nixon*, 418 U.S. 683, 698–700, 94 S.Ct. 3090, 41 L.Ed.2d 1039 (1974); *United States v. Mandel*, 914 F.2d 1215, 1219 (9th Cir. 1990). Regardless, even if a search had occurred and police found no drugs, the

search of Dossman's home would still be valid because there was ample evidence otherwise to establish probable cause. *See Chavez–Miranda,* 306 F.3d at 978.

Finally, the district court did not plainly err in sentencing Dossman to 240 months imprisonment even though the government failed to allege and Dossman failed to allocute to drug type. Under *Apprendi v. New Jersey,* 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), other than the fact of a prior conviction, any fact which may increase the maximum sentence to which a defendant may be exposed must be alleged in an indictment and proven beyond a reasonable doubt. Under *United States v. Hollis,* 490 F.3d 1149, 1155–57 (9th Cir.2007), for crack sentencing enhancements to apply to a § 841 cocaine base offense, the government must allege and the jury must find that the drug involved was "crack." In *Hollis,* although the government failed to allege and the jury find that the drug involved was "crack," we held that the lapse was harmless error because there was overwhelming evidence that the defendant had distributed "crack" based on witnesses' testimony at trial and the defendant failure's to object, either in response to the Presentence Report or at sentencing, that what he distributed was not "crack." *Id.* at 1157.

In this case, although the government failed to allege and Dossman failed to allocute to drug type, this error did not affect Dossman's substantial rights because there was overwhelming evidence that the drug he possessed was "crack." *See id.* Dossman admitted to the police that he cooked and sold rock cocaine (also known as "crack") and police seized rock cocaine cooking paraphenalia from his home. Dossman also did not object to statements in the Presentence Report that he cooked and sold rock cocaine or that crack sentencing enhancements applied in his case. In his sentencing memorandum and at sentencing, he also told the court that he faced a 240–month mandatory minimum and asked the court to depart from this because sentences for crack offenses were unduly severe. *See id.* Thus, because there was overwhelming evidence that the drug that he possessed was "crack," Dossman has failed to show that, on plain error review, his substantial rights were violated.

**AFFIRMED.**